NORBERTO IRIZARRY SEDA, ETC., demandantes y peticionarios, *v.* ALMACENES RODRÍGUEZ, INC., demandados y recurridos.

*Número:* CE-89-114        *Resuelto:* 17 de noviembre de 1989

*Julio E. Silva Ayala*, de *Bufete Silva Ayala & Santiago Irizarry*, abogado de los peticionarios; *Guillermo J. Bobonis*, de *Bobonis, Bobonis & Rodríguez Poventud*, abogado de los recurridos.

EL JUEZ PRESIDENTE SEÑOR PONS NÚÑEZ emitió la opinión del Tribunal.

La controversia que se presenta ante nos surge al comenzarse el uso de los mecanismos de descubrimiento de prueba. La parte demandada recurrida, Almacenes Rodríguez, Inc., sometió ante el Tribunal Superior, Sala de Mayagüez, la notificación de un aviso para la toma de deposición al demandante recurrente (el Sr. Norberto Irizarry) indicando que la misma se llevaría a cabo en las oficinas de los abogados de la parte demandada recurrida, las cuales radicaban en San Juan, Puerto Rico.

A dicha solicitud la parte demandante recurrente, en el término prescrito en las Reglas de Procedimiento Civil, presentó oposición a que la deposición fuese llevada a cabo en la ciudad de San Juan, pues el pleito estaba radicado en Mayagüez y el demandante trabajaba, residía y tenía sus oficinas y su establecimiento en Mayagüez, al igual que sus abogados, y que eran solamente los abogados del demandado los que residían y tenían oficinas en la zona metropolitana de San Juan.

El Tribunal Superior declaró sin lugar dicha solicitud y ordenó que la toma de deposición se llevara a cabo en San Juan. Sustentó su posición el juzgador en su interpretación de que la Regla 40.4(b) de Procedimiento Civil, 32 L.P.R.A. Ap. III, no era de aplicación a las circunstancias del caso ante sí. Señaló lo siguiente:

... esta regla referente a las citaciones, es aplicable única-
mente a testigos que no son parte, pues a una parte, a no ser
que esté en rebeldía, no se le cita en virtud de dicha regla sino
que se le notifica por conducto de su abogado.

La norma general es que una parte puede tomar la deposi-
ción de otra parte en el lugar que le plazca sujeto únicamente
a la facultad del tribunal para emitir órdenes protectoras al
amparo de la R. P. Civ. 23.2. Wright & Miller, *Civil, Federal
Practice and Procedure*, sec. 2112.

En ausencia de circunstancias especiales que ameriten
apartarnos de la norma general, la parte demandante deberá
comparecer a la toma de su deposición en San Juan. *Exhibit* I,
págs. 2–3.

Inconformes, recurren ante nos los demandantes solici-
tando que dejemos sin efecto la resolución emitida por el tri-
bunal a quo y ordenemos que la deposición sea tomada en
Mayagüez. El 24 de febrero de 1989 emitimos orden para
mostrar causa por la cual no debíamos expedir el auto solici-
tado para revocar la resolución recurrida por haber abusado
el tribunal de su discreción al resolver que la deposición del
querellante debía tomarse en San Juan.

Con el beneficio de ambas comparecencias, estamos en
posición de resolver.

## I

Nuestra Regla 40.4 de Procedimiento Civil, *supra*, en la
parte que regula el lugar del examen de una deposición, dis-
pone:

*40.4. Citación para tomar deposiciones; lugar del examen*

.    .    .    .    .    .    .    .

(b) Un residente cuya deposición haya de ser tomada podrá
ser requerido para que comparezca a ser interrogado única-
mente en el lugar donde resida o estuviere empleado o realice
personalmente sus negocios, o en cualquier otro lugar conve-
niente fijado por orden del tribunal. Una persona que no fuere
residente podrá ser requerida para que comparezca al lugar

donde se le notifique la citación, o en cualquier lugar conveniente fijado por orden del tribunal.

La citación a que se refiere la antes citada regla "es un llamamiento, que extiende el tribunal a una persona *que puede ser parte y puede no ser parte en el procedimiento* para que comparezca en determinado lugar, fecha y hora para la celebración de un acto (Regla 40)". R. Hernández Colón, *Manual de Derecho Procesal Civil*, 2da ed. rev., New Hampshire, Equity Publishing Corp., 1981, pág. 136. Entiende el comentarista que se distinguen dos (2) clases de citaciones: la citación a juicio y la citación para toma de deposiciones. Añade que en la citación a deponentes se le extiende un llamado para que éste comparezca ante algún notario en un lugar donde ha de tomársele su deposición. Señala además Hernández Colón que esta regla "establece una limitación en cuanto al lugar donde pueden ser citados los deponentes, disponiendo que un residente del Estado Libre Asociado únicamente puede ser requerido a deponer en el lugar donde resida o en el lugar donde estuviere empleado o que realice personalmente sus negocios o en cualquier otro lugar conveniente fijado por orden del tribunal. Si se quiere variar esto hay que solicitar una orden específica del tribunal". Íd., pág. 138.

Como es sabido, nuestras Reglas de Procedimiento Civil tienen su génesis en las Reglas de Procedimiento Civil federales. Del texto de las Reglas 45(d)(2) y 26(c)(2), las cuales regulan aspectos sobre el lugar y procedimiento de deposiciones orales en la jurisdicción federal, no surge una distinción entre parte deponente y testigo deponente. No obstante, Wright and Miller en sus comentarios a las reglas federales señalan lo siguiente:

If the person to be examined is a party to the action, a subpoena is not required and the notice is sufficient to require his attendance. Thus the examining party may set the place for the deposition of another party wherever he wishes subject to

the power of the court to grant a protective order under Rule 26(c)(2) designating a different place. (Énfasis nuestro y escolio omitido.) 8 *Wright and Miller, Federal Practice and Procedure: Civil 2d* Sec. 2112, pág. 403 (1970).

Luego de confrontarnos con tan divergentes criterios entre los comentaristas a las reglas federales y el comentarista a nuestra regla local, notamos que el inciso (b) de la Regla 40.4 de Procedimiento Civil nuestra, *supra*, se refiere a la toma de deposición de un residente sin mencionar si el concepto de residente aplica a una parte, a un testigo o a ambas. Cuevas Segarra, en su comentario a dicha regla, expresa lo siguiente:

Conforme al inciso (b) de esta regla, la deposición de un testigo podrá tomarse únicamente en el lugar donde dicha persona reside o trabaja, o en cualquier otro lugar fijado por el tribunal. . . . La regla general es que al testigo no se le requerirá que deje su residencia o lugar de trabajo y que viaje grandes distancias por la conveniencia de *las partes*. (Énfasis suplido.) J.A. Cuevas Segarra, *Práctica Procesal Puertorriqueña: Procedimiento Civil*, San Juan, Pubs. J.T.S., 1985, Vol. II, Cap. V, pág. 213.

De toda esta argumentación surge la interrogante de si el inciso (b) de la Regla 40.4, *supra*, se refiere solamente a testigos o a testigos y a partes. Es pues necesario determinar si esta regla puede interpretarse ampliamente para que nos sirva de guía al resolver la controversia ante nos en cuanto a deposiciones a partes.

En su escrito de *certiorari* los demandantes recurrentes argumentan que la regla no puede interpretarse a los efectos de que pueda citarse a una parte deponente en el lugar que más le plazca a la parte promovente sin considerar la inconveniencia que ello le cause al deponente. De su escrito puede deducirse que estos interpretan que las disposiciones de la Regla 40.4(b) de Procedimiento Civil, *supra*, en cuanto al lugar de la deposición para un testigo, le es igualmente aplica-

ble a una parte. Por otro lado, el demandado recurrido entiende que la ausencia de provisión en cuanto al lugar de la toma de deposición para partes en la citada regla constituye una laguna que "ha sido llenada desde siempre por los usos y costumbres del foro y por las estipulaciones de las partes". Oposición a "escrito de solicitud de *certiorari*", pág. 2.

Ante el planteamiento del recurrido es menester señalar que los usos y costumbres suelen ser efectivos mientras los abogados y las partes tengan sus oficinas y residencias dentro de un mismo pueblo o cuando aun residiendo en municipalidades distintas logren llegar a un acuerdo. No obstante, cuando entre las partes surja controversia por no estar de acuerdo con el lugar en el cual se tomará la deposición, le corresponderá entonces al juzgador, mediante el uso de su discreción, suplir la aparente laguna de la que adolece nuestra regla de Procedimiento Civil sobre el lugar de la toma de deposiciones a partes.

■ Entre los criterios que debe ponderar el juez en el ejercicio de su discreción antes de decidir el lugar donde se debe tomar la deposición a una parte están: (i) el lugar donde se radicó el pleito; (ii) el lugar de residencia del demandante; (iii) el lugar de residencia del demandado; (iv) el lugar de residencia y empleo del deponente; (v) cuál es la parte promovente de la deposición, y (vi) por último, en un plano secundario, el lugar donde estén localizadas las oficinas de los abogados de todas las partes.

■ Entre todos los factores señalados no debe perderse de perspectiva que en cuanto a toma de deposiciones se refiere lo primordial debe ser facilitarle al deponente la accesibilidad al lugar de la deposición. Por tal razón, entendemos que la Regla 40.4(b) de Procedimiento Civil, *supra*, en cuanto dice que "[u]n residente cuya deposición haya de ser tomada podrá ser requerido para que comparezca a ser inte-

rrogado *únicamente* en el lugar donde resida o estuviere empleado o realice personalmente sus negocios . . ." (énfasis suplido), debe aplicarse tanto a deponentes que sean partes como a deponentes que sean testigos, salvo que otra cosa estipulen las partes según lo discutido con anterioridad.

En las circunstancias del caso que nos ocupa podemos notar que el pleito estaba presentado en Mayagüez y el demandante recurrente trabajaba, residía y tenía sus oficinas y negocios en Mayagüez, así como su representación legal. Únicamente los abogados del demandado recurrido residían y tenían sus oficinas en San Juan. Por tales razones, no vemos razón alguna por la cual se le deba imponer a la parte peticionaria la onerosa gestión de trasladarse a San Juan, localidad que le beneficia a la representación legal de la parte demandada, pero a nadie más.

Por todo lo antes expuesto, *se expedirá el auto de "certiorari" y se dictará sentencia que deje sin efecto la orden de 7 de febrero de 1989 del Tribunal Superior, Sala de Mayagüez, y se ordenará que la deposición del demandante recurrente se tome en la ciudad de Mayagüez, Puerto Rico.*

El Juez Asociado Señor Ortiz se inhibió. El Juez Asociado Señor Negrón García no intervino.