TEXTO COMPLETO DE LA SENTENCIA
I
El peticionario, Antonio Benvenutti Lago, solicita la revisión de una orden emitida, el 25 de septiembre de 2000, por el Tribunal de Primera Instancia, Sala Superior de Ponce, en el procedimiento sobre otorgamiento de escritura presentado contra el peticionario por la parte recurrida, Alba Lugo Nazario. Mediante el dictamen en cuestión, el Tribunal de Primera Instancia ordenó la anotación de rebeldía al peticionario, quien reside en el Estado de Florida y fue emplazado a través de su apoderado, por la omisión del peticionario de comparecer a Puerto Rico a una deposición citada por la parte recurrida.
Mediante resolución emitida el 2 de noviembre de 2000, ordenamos la paralización de los procedimientos y concedimos término a la recurrida para que compareciera a mostrar causa por la cual no debíamos expedir el auto solicitado y revocar la resolución recurrida.
El término concedido ha transcurrido. Procedemos según lo intimado.
II
El presente recurso tiene su origen en la demanda presentada ante el Tribunal de Primera Instancia por la recurrida, quien es abuela del peticionario, contra éste. En su demanda, la recurrida alegó que había llevado a cabo una transacción simulada de compraventa con el peticionario, mediante la cual se le había transferido a éste el título sobre la residencia de la recurrida, situada en la Calle #8 de la Urbanización Luchetti del Barrio Jacanas de Yauco. Alegadamente, el peticionario había convenido a devolver la propiedad a la recurrida posteriormente, mediante el otorgamiento de una escritura pública, a lo que se había negado en ausencia de remuneración.
Según surge del expediente, el peticionario es residente del estado de Florida. No obstante, a la fecha de la *908 demanda, había otorgado en dicho Estado un poder general a favor de Rafael Alemán Crespo, el cual fue protocolizado en Puerto Rico, mediante la Escritura Núm. 11 otorgada el 30 de marzo de 1998 ante el Notario Público Edgardo Santiago Lloréns. El referido poder autorizaba al Sr. Alemán a representar al peticionario "en todo juicio y expediente civil, gubernativo y de jurisdicción voluntaria, pendiente o que se promueva ante cualquier tribunal de justicia insular o federal, agencia o instrumentalidad gubernamental, corporaciones públicas u oficina administrativa de cualquier índole; gestionando como demandante o defendiéndose como demandada, o en cualquier otra forma que crea más conveniente, designando abogados cuando proceda, conviniendo y pagando sus honorarios e inste los procedimientos, embargos y anotaciones de demanda o cualquier otro recurso que crea conveniente y necesario para la mejor defensa de los intereses del [peticionario],"
A base de dicho poder, el peticionario fue emplazado a través de un diligenciamiento personal efectuado sobre el Sr. Alemán, su apoderado.
Oportunamente, el peticionario compareció solicitando se declarara la nulidad del emplazamiento, aduciendo que el Sr. Alemán no tenía la facultad de recibir el mismo a su nombre. Esta moción fue denegada por el Tribunal de Primera Instancia, mediante orden emitida el 19 de enero del 2000, quien concluyó que el Sr. Alemán "está facultado para sustituir al demandado en cualquier acción judicial."
El 23 de febrero de 2000, el peticionario contestó la demanda, "sin someterse a la jurisdicción", y negó las alegaciones. Presentó, además, una reconvención en la que alegó que la recurrida le adeudaba cánones de arrendamiento por la propiedad y solicitó su desahucio.
Posteriormente, la recurrida notificó varios avisos de deposición al peticionario. La deposición fue citada para tener lugar en Ponce, en las oficinas de la representación legal de la recurrida. El peticionario se opuso a ser citado para deposición en Puerto Rico, alegando que él era residente de Florida e insistiendo en que el Tribunal carecía de jurisdicción sobre él.
La recurrida replicó expresando que entendía que el peticionario podía comparecer a una deposición a Puerto Rico. La recurrida, no obstante, indicó su disposición de que se tomara la deposición en Miami, sujeto a que el peticionario asumiera los gastos de viaje de la recurrida.
El Tribunal no se expresó sobre la objeción presentada por el peticionario a ser depuesto en Puerto Rico. Este incumplió los avisos de deposición enviados. Así las cosas, la recurrida presentó varias solicitudes de sanciones bajo la Regla 34 de las de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 34.
De primera instancia, el tribunal impuso al peticionario los gastos de las deposiciones suspendidas. El 4 de agosto de 2000, ante el incumplimiento reiterado del peticionario con los avisos, el Tribunal advirtió a dicha parte que habría de eliminarle sus alegaciones si volvía a incomparecer. Para esa fecha, sin embargo, el Tribunal no se había pronunciado expresamente sobre el lugar de la deposición.
El 30 de agosto de 2000, el Tribunal de Primera Instancia denegó la objeción del peticionario a ser depuesto en Puerto Rico, así como el planteamiento de dicha parte de que el Tribunal no había adquirido jurisdicción sobre él. El tribunal concedió un término adicional de cuarenta y cinco (45) días a las partes para tomar la deposición.
Antes del vencimiento de dicho plazo, el 25 de septiembre de 2000, el Tribunal ordenó la anotación de rebeldía al peticionario por su dilación y obstrucción al descubrimiento de prueba.
Insatisfecho, el peticionario acudió ante este Tribunal.
*909 ni
En su recurso, el peticionario alega que el Tribunal de. Primera Instancia erró al concluir que había, adquirido jurisdicción sobre el peticionario, al ordenar que se sometiera a una. deposición, en Puerto Rico y al ordenar la anotación de su rebeldía.
El emplazamiento, según se conoce, es el mecanismo procesal mediante el cual se notifica a un demandado que existe un procedimiento judicial en su contra y que permite al Tribunal adquirir jurisdicción sobre su persona. Se trata, según ha aclarado el Tribunal Supremo de Puerto Rico, de un requisito de debido proceso de ley, indispensable para que el demandado-pueda tener una debida oportunidad para comparecer al juicio y ser oído. Dada su trascendencia constitucional, el procedimiento para su diligenciamiento debe ser estrictamente observado. First Bank of P.R. v. Inmobiliaria Nacional, Inc., 144 D.P.R. _ (1998), 98 J.T.S. 18, a la pág. 599; Márquez Resto v. Barreto Lima, 143 D.P.R. _ (1997), 97 J.T.S. 66, a la pág. 992; Rodríguez v. Nasrallah, 118 D.P.R. 93, 98-99 (1986).
La Regla 4.4 de las de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 4.4, establece, en su inciso (a), en este sentido, que el emplazamiento de una persona mayor de edad se diligenciará "entregándole copia del emplazamiento y de la demanda a ella personalmente o a un agente autorizado por ella ... para recibir emplazamientos."
La autorización contemplada por dicho precepto, desde luego, puede producirse contractualmente. Nuestro ordenamiento admite los convenios de sumisión a la jurisdicción de un tribunal, siempre que no sean contrarios al orden público. Véanse, e.g., Unisys v. Ramallo Brothers, 128 D.P.R. 842, 855 (1991); Rodríguez v. Registrador, 75 D.P.R. 712, 730 (1953). Se contempla, incluso, la renuncia al emplazamiento. Véase, la Regla 35.4 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 35.4; E.L.A. v. Isla Verde Inv. Corp., 98 D.P.R. 255, 260 (1970); véase, además, National Equipment Rental v. Szukhent, 375 U.S. 311 (1964).
En la situación de autos, hemos considerado el poder otorgado por eLpeticionario a favor del Sr. Alemán, el cual constituye un contrato de mandato bajo nuestro ordenamiento. 31 L.P.R.A. sees. 4421 y ss. Coincidimos con la distinguida Sala recurrida en tomo a que la amplitud del lenguaje utilizado para describir las facultades delegadas a su apoderado por el peticionario, conlleva su sumisión voluntarias la jurisdicción de los tribunales locales a través de éste.
No debe perderse de vista, después de todo, que la representación de una parte que un abogado realiza ante un tribunal y que somete a ésta a la jurisdicción del foro, goza esencialmente de la naturaleza de un mandato Véase, Colón Prieto v. Géigel, 115 D.P.R. 232, 239-240 (1984); cf. Webb v. Porto Rican American Tobacco Co., 16 D.P.R. 398 (1910) (la representación constituye el fondo esencial del contrato de mandato y su resultado es convertir la ausencia real en presencia jurídica, consistiendo la esencia de dicho contrato, en obrar por cuenta ajena, en realizar actos jurídicos en nombre de otro cuya personalidad asume el mandatario).
Así como el peticionario podría haber contratado un abogado para que compareciera en su representación en el litigio, sometiéndose de este modo a la autoridad del Tribunal, el ordenamiento le autoriza a delegar dicha facultad en otra persona. Concluimos que el foro de Primera Instancia adquirió válidamente jurisdicción sobre el peticionario a través del emplazamiento de su apoderado.
El peticionario también se queja de que el Tribunal ordenara que la deposición avisada por la recurrida le fuera tomada en Puerto Rico, a pesar de ser él un residente de Florida.
El principio general, recogido en la Regla 40.4(b) de las de Procedimiento Civil, 32 L.P.R.A. Ap. IH, R. ! 40.4(b), es que las deposiciones se toman en el lugar de residencia de los testigos. El precepto autoriza al Tribunal a establecer otro lugar "conveniente", cuando las circunstancias así lo justifican.
*910 En Irizarry Seda v. Almacenes Rodríguez, Inc., 124 D.P.R. 794 (1989), el Tribunal Supremo de Puerto Rico aclaró que, al determinar el lugar de una deposición, el Tribunal debe ponderar los siguientes factores: (1) el lugar donde se radicó el pleito; (2) el lugar de residencia del demandante, (3) el lugar de residencia del demandado; (4) el lugar de residencia y empleo del deponente; (5) cuál es la parte promovente de la deposición; y (6) por último, "en un plano secundario", el lugar donde esten localizadas las oficinas de los abogados de todas las partes. 124 D.P.R. a la pág. 799.
El factor primordial, según aclaró el Tribunal Supremo, es "facilitarle al deponente la accesibilidad al lugar de la deposición". Id.
En la situación de autos, el peticionario, aunque es parte en el proceso, es residente en el estado de la Florida, donde tiene su lugar de empleo. La deposición ha sido citada por la parte recurrida, presumiblemente para la obtención de evidencia por dicha parte para establecer sus alegaciones. El peticionario ha expresado su disposición de someterse a la deposición en Florida. La representación legal de la recurrida también indicó que estaría dispuesta a que dicha deposición se tomara en Miami. En estas circunstancias, consideramos que el Tribunal abusó de su discreción al ordenar que la deposición fuese tomada en Puerto Rico.
Cabe hacer hincapié en que el peticionario fue emplazado a través de un apoderado designado por él para atender sus asuntos en Puerto Rico, lo que apunta precisamente a su falta de disponibilidad para estar presente en la Isla en todo momento. Debe recordarse que, conforme al precedente citado del Tribunal Supremo de Puerto Rico, lo primordial es facilitar al deponente la accesibilidad al lugar de la deposición. 124 D.P.R. a la pág. 799. Creemos que una consideración de los criterios enumerados por el Tribunal Supremo de Puerto Rico en Irizarry Seda v. Almacenes Rodríguez, Inc., sugiere que la deposición debe ser tomada en el estado de Florida.
En cualquier caso, consideramos que la determinación de anotar la rebeldía al peticionario constituia una sanción excesiva. Existe una incuestionable política pública en nuestra jurisdicción que favorece que los casos se vean en sus méritos. PFZ Props, Inc. v. Gen. Acc. Ins. Co., 136 D.P.R. 881, 915 n. 20 (1994); Rivera et al v. Superior Pkg., Inc. et al., 132 D.P.R. 115, 124 (1992). En el presente caso, el peticionario había presentado una objeción a ser depuesto en Puerto Rico, la cual no fue expresamente adjudicada por el Tribunal, sino hasta poco antes de su orden anotando la rebeldía al peticionario.
En sus escritos ante el Tribunal de Primera Instancia, la recurrida ha planteado que la Regla 40.4 (b) permite que un no residente sea llamado a deponer en Puerto Rico, al lugar donde se le notifique la citación o a cualquier lugar conveniente fijado por el tribunal. No estimamos, sin embargo, que ello tome inaplicable el análisis de Irizarry Seda a este tipo de situaciones.
A nuestro juicio, cuando un no residente comparece a nuestra jurisdicción como parte demandante, ha de someterse a los rigores del proceso celebrado ante nuestros tribunales, lo que incluye comparecer a Puerto Rico a ser depuesto. Lo contrario implicaría transferir a la parte demandada, quien no ha comparecido por voluntad propia ante el Tribunal, los gastos adicionales que conlleva el descubrimiento de prueba en estos casos.
En la situación de autos, sin embargo, el peticionario comparece ante nos como demandado. Y si bien dicha parte ha presentado una reconvención en la causa, la misma surge de los mismos hechos que han sido puestos en controversia por la recurrida.
La recurrida, según indicado, ha expresado su disposición de tomar la deposición en Florida, sujeto a que se le adelanten los gastos de viaje, como costas interlocutorias. Aunque coincidimos en que dicha opción puede estar disponible cuando una parte no cuenta con los medios necesarios para asumir los gastos asociados a la deposición de un no residente, sujeto al reembolso de los gastos adelantados de acuerdo al resultado del litigio, cf„ Meléndez v. Levitt & Sons of P.R., 104 D.P.R. 797, 813 (1976), en el caso de autos, la parte recurrida no ha *911 establecido que carezca de los medios para tomar una deposición fuera de Puerto Rico.
Resolvemos, en vista de lo anterior, que la deposición del peticionario debe tener lugar en el estado de Florida, en el lugar que pueda ser seleccionado por mutuo acuerdo entre las partes o, en su defecto, en un lugar conveniente en dicha jurisdicción fijado por el Tribunal de Primera Instancia. Los gastos asociados a la misma, incluyendo gastos de viaje y estadía, podrán en su día ser recobrables como costas por la parte recurrida, de prevalecer en el litigio.
Por los fundamentos expresados, se expide el auto y se revoca la resolución recurrida. Se devolverá el asunto al Tribunal de Primera Instancia para procedimientos consistentes con esta sentencia.
Lo acordó y manda el Tribunal y lo certifica la señora Subsecretaría General.
Gladys E. Ortega Ramírez
Subsecretaría General