Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| **REINA VICTORIA MOTA**<br><br>Recurrida<br><br><br><br>**EX PARTE**<br><br>Peticionario | KLCE202300923 | **APELACION**<br>Procedente del Tribunal de Primera Instancia, Sala Superior de Bayamon<br><br>Caso Núm.:<br>**BY2023CV03512 (402)**<br><br><br>Sobre: Solicitud de Orden/Citación a Testigos para Deposición en Puerto Rico |
|---|---|---|

Panel integrado por su presidenta la Juez Domínguez Irizarry, la Juez Grana Martínez y el Juez Pérez Ocasio.

Pérez Ocasio, juez ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 26 septiembre de 2023.

Comparece la parte peticionaria, Alejandro Veras y Ricardo Nieves Olivero, y nos solicitan la revocación de la *"Resolución"* emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón, el 27 de junio de 2023, notificada el 28 del mismo mes y año. En el referido dictamen, se ordenó la expedición de las citaciones solicitadas por la parte recurrida para deponer a los peticionarios.

El 17 de agosto de 2023, emitimos una *"Resolución"* en la cual acogimos el recurso de epígrafe como *Certiorari*. Por los fundamentos que expondremos a continuación, se expide el auto de *Certiorari* y se revoca la "*Resolución*" recurrida.

**I**

El 23 de junio de 2023, Reina Victoria Mota, en adelante Reina Victoria o recurrida, presentó una *"Petición Ex Parte",* en la cual expresó que era parte en un caso sobre relaciones domésticas en la

Número Identificador
SEN2023_____

Corte del Noveno Circuito Judicial de Florida.[1] Alegó que en el referido caso se demostró la necesidad de deponer a cuatro testigos que residían en Puerto Rico, entre ellos, Alejandro Veras y Ricardo Nieves Olivero, en adelante peticionarios. Indicó que, en virtud de lo anterior, dicha corte emitió una rogativa y comisión para que el foro primario citara a los testigos conforme a derecho. Junto a su petitorio, Reina Victoria incluyó lo siguiente:

1. cuatro (4) documentos intitulados *"Commission to Subpoena Witness Testimony From Out of State Witness"*, suscritos el 22 de mayo de 2023 por el Juez Michael J. Snure*;*

2. cuatro (4) documentos intitulados *"Notice of Taking Video Deposition",* en los que se le indicó a los testigos que la deposición sería tomada el 20 de septiembre de 2023, por el licenciado Juan Carlos Montes de Oca en Kissimmee, Florida, mediante video y examinación oral, y

3. cuatro (4) documentos intitulados *"Subpoena for Deposition Duces Tecum"*, suscritos el 10 de mayo de 2023, en los que se le advirtió a los testigos que, si no se presentaban ante el referido licenciado para la toma de la deposición, podrían incurrir en desacato al Tribunal. A su vez, se les instruyó que llevaran a la deposición todo documento y material recopilado y discutido en las compañías que tuviesen en común con Armando Arístides Rodríguez Díaz.[2]

Examinada la petición de Reina Victoria, ese mismo día, el Tribunal de Primera Instancia emitió una *"Orden"* en la que le concedió diez (10) días para que fundamentara en derecho el remedio que solicitó y la competencia del tribunal para concederlo.[3]

En cumplimiento con lo ordenado, el 24 de junio de 2023, Reina Victoria presentó una *"Moción en Cumplimiento de Orden, Informativa de Ausencia de Jurisdicción y Solicitud de Remedios"*.[4] Esencialmente, planteó que su petición estaba apoyada en la Regla 25.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 25.2, sobre toma de

---

[1] Apéndice del recurso, págs. 1-28.
[2] Íd., págs. 7-28.
[3] Íd. págs. 32.
[4] Íd., págs. 33-37.

deposiciones fuera de la jurisdicción de Puerto Rico. Arguyó que la reciprocidad reconocida entre Puerto Rico y Florida obligaba al tribunal a reconocer el procedimiento dispuesto por nuestro ordenamiento civil a la inversa. Al amparo de lo anterior, arguyó que, al haber presentado una petición debidamente juramentada, en la que anejó las comisiones y rogativas suscritas por un juez con autoridad para ello, el foro primario debía expedir las citaciones solicitadas.

El 27 de junio de 2023, notificada el 28 del mismo mes y año, el Tribunal de Primer Instancia emitió una *"Resolución"* en la que declaró *ha lugar* el remedio solicitado por Reina Victoria y ordenó a expedir las citaciones a los testigos para la toma de las deposiciones.[5] Fundamentó su determinación en el *Judiciary and Judicial Procedure Act,* 28 USC sec. 1738. Expresó que dicho estatuto federal exigía dar entera fe y crédito a los documentos y procedimientos judiciales de los tribunales de los estados, territorios y posesiones de los Estados Unidos. A su vez indicó que en virtud de la Regla 40.6 de Procedimiento Civil, 32 LPRA Ap. V, R. 40.6, nuestro ordenamiento civil reconocía la comisión o suplicatoria como mecanismo para viabilizar la comparecencia de testigos que se encontraban fuera de la jurisdicción a una deposición.

Así las cosas, el 11 de julio de 2023, los peticionarios comparecieron ante el foro primario, sin someterse a su jurisdicción, mediante una *"Moción de Desestimación al Amparo de la Regla 10.2(1) de Procedimiento Civil"*.[6]   En lo pertinente, alegaron que la petición presentada por Reina Victoria debía ser desestimada porque no existía en nuestro ordenamiento ninguna disposición que facultara al Tribunal de Primera Instancia a autorizar el diligenciamiento de citaciones para tomar deposiciones en casos que

---

[5] Apéndice del recurso, págs. 38-40.
[6] Íd., págs. 41-52.

se estuviesen tramitando en otros estados. Arguyeron, además, que la referida petición no cumplió con los requisitos para que se le diera entera fe y crédito, porque no fue acompañada de documentos certificados y/o autenticados como requiere el *Judiciary and Judicial Procedure Act, supra.* De otra parte, alegaron que no tenían autoridad para entregar los documentos solicitados en el *"Subpoena for Deposition Duces Tecum"*, y que, dichos documentos, contenían información privilegiada.

En atención a la moción presentada por los peticionarios, el 11 de julio de 2023, el foro primario emitió una *"Orden"*, notificada el 12 de julio de 2023, en la que indicó que el caso de epígrafe era uno con *resolución final del 27 de junio de 2023*.[7]

Inconforme, el 31 de julio de 2023, la parte peticionaria acude ante nos mediante el recurso del epígrafe y realiza los siguientes señalamientos de error:

> Erró el Tribunal de Primera Instancia al no desestimar la Petición de epígrafe, ya que las Reglas de Procedimiento Civil carecen de disposiciones que faculten al Tribunal de Primera Instancia "para autorizar el diligenciamiento en Puerto Rico de citaciones para tomar deposiciones en casos tramitándose en otros estados, territorios o el Distrito de Columbia o una suplicatoria expedida por el Tribunal de un país extranjero.
>
> Erró el Tribunal de Primera Instancia al no desestimar la Petición de epígrafe y sustentar su Resolución básicamente en la cláusula de entera fe y crédito cuando la referida petición no cumple con las disposiciones legales para darle entera fe y crédito, pues la misma, entre otros, no fue acompañada de documentos debidamente autenticados y/o certificados conforme se requiere por el "State and [t]erritorial statutes and judicial proceedings; full faith and [c]redit" 28 U.S.C. sec. 1738.
>
> Erro el Tribunal de Primera Instancia al no atender la[s] objeciones debidamente fundamentadas y oportunamente presentadas a las citaciones ilegalmente hechas a los peticionarios violándose así el debido proceso de ley que le asiste a los comparecientes.
>
> Erro el TPI al no evaluar y resolver una moción de desestimación mediante la cual se advirtió de la falta de

---

[7] Apéndice del recurso, pág. 65.

jurisdicción sobre la materia y la persona, así como se levantaron las objeciones a las citaciones diligenciadas, se objetó la producción de documentos por constituir la misma una expedición de pesca y por solicitar o requerir la entrega de documentos o recabar la información privilegiada y confidencial de varias corporaciones que no son parte del caso.

Habiendo transcurrido el término que dispone la Regla 37 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XII-B, R. 37, para que la parte recurrida se opusiera al recurso de epígrafe, sin que compareciera oportunamente, procedemos a resolver.

## II.

### A. *Certiorari*

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera Gómez y otros v. Arcos de Dorados Puerto Rico, Inc. y otros*, 2023 TSPR 65, 212 DPR ___ (2023); *Torres González v. Zaragoza Meléndez*, 2023 TSPR 46, 211 DPR ___ (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021). Ahora bien, tal discreción no opera en lo abstracto. Con respecto a lo anterior y para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone, en su parte pertinente, lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

[. . .]

Según se desprende de la citada Regla, este foro apelativo intermedio podrá revisar órdenes interlocutorias discrecionalmente, cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia o que revistan interés público, o en aquellas circunstancias en las que revisar el dictamen evitaría un irremediable fracaso de la justicia, entre otras contadas excepciones. *Municipio de Caguas v. JRO Construction*, 201 DPR 703, 710-711 (2019).

A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, dispone los criterios a considerar para ejercer sabia y prudentemente su decisión de atender o no las controversias ante sí. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96-97 (2008). Véase, además, *Rivera Gómez y otros v. Arcos de Dorados Puerto Rico, Inc. y otros*, supra; *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020). Así, la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, funge como complemento a la Regla 52.1 de Procedimiento Civil, *supra. Torres González v. Zaragoza Meléndez*, supra. La precitada Regla dispone lo siguiente:

> El [T]ribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Sin embargo, ninguno de los mencionados criterios es determinante, por sí solo, para este ejercicio y no constituye una lista exhaustiva. *García v. Padró*, 165 DPR 324, 335 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97. (Énfasis omitido).

Nuestro Tribunal Supremo ha expresado también que, de ordinario, el tribunal revisor "no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). Véase, además, *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

**B. Convalidación de Procedimientos Judiciales de otros estados**

La Constitución de los Estados Unidos, en la Sección I de su Artículo IV, dispone que se dará entera fe y crédito en cada estado a los actos públicos, documentos y procedimientos judiciales de los otros estados. Tras la aprobación de las Reglas de Procedimiento Civil de 2009, se codificó lo dispuesto en dicha cláusula en las Reglas 55.1 a la 55.6, 32 LPRA Ap. V, R. 55.1 a la 55.6, del referido cuerpo normativo. Dichas reglas indican el trámite correspondiente al procedimiento de convalidación y reconocimiento judicial de una sentencia de otra jurisdicción por nuestros tribunales, conocido como el procedimiento de *exequátur*. Regla 55.1 de Procedimiento Civil, *supra.* No obstante, dicho cuerpo normativo no provee para convalidar citaciones a deposiciones u órdenes de producción de documentos emitidas por estados de Estados Unidos por medio del proceso de exequátur.

Sin embargo, cabe señalar que la Regla 40.6 de Procedimiento Civil, *supra,* permite citar a testigos que estén fuera de la jurisdicción de los tribunales de Puerto Rico mediante "una comisión o suplicatoria dirigida a la autoridad judicial competente del lugar donde se encuentra la persona testigo". Por lo que, aun cuando nuestras Reglas de Procedimiento Civil carecen de una norma que regule el manejo por parte de los tribunales de Puerto Rico de órdenes emitidas por estados de Estados Unidos, lo cierto es que nuestro ordenamiento reconoce la figura de "la comisión o suplicatoria" como mecanismo para viabilizar la comparecencia de testigos a una deposición. Este procedimiento, por su naturaleza, no supone el inicio de un pleito contencioso, pues en él no se adjudicarán derechos de partes.

A pesar de que en nuestro ordenamiento no se ha estatuido un procedimiento para convalidar las órdenes de otros estados en

las que se solicita la comparecencia de testigos radicados en Puerto Rico a una deposición, el *Judiciary and Judicial Procedure Act, supra,* aplicable a Puerto Rico en virtud de la Cláusula de Supremacía, dispone las formalidades necesarias para que nuestros tribunales hagan valer órdenes emitidas por las cortes de otros estados. *Véase,* Art. VI, Cláusula 2, Const. EE. UU. El referido estatuto dispone en lo pertinente,

> The records and judicial proceedings of any court of any such State, Territory or Possession, or copies thereof, shall be proved or admitted in other courts within the United States and its Territories and Possessions by the attestation of the clerk and seal of the court annexed, **if a seal exists, together with a certificate of a judge of the court that the said attestation is in proper form**.

> Such Acts, records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken. *Judiciary and Judicial Procedure Act, supra.* (Énfasis nuestro).

En virtud de lo anterior, los tribunales de primera instancia podrán dar entera fe y crédito a las órdenes judiciales de otros estados si están acompañadas de: **1) la firma del secretario y el sello de la corte**, **y 2) una certificación de un juez con autoridad para atestar que el documento es auténtico**. A su vez, indica dicho estatuto que la fe y crédito que se le provea a dichas órdenes será conforme a la ley y la costumbre de la corte que las valide. *Íd.*

### III

Los peticionarios plantean que el Tribunal de Primera Instancia incidió al aceptar una carta rogatoria como procedimiento válido para citar a testigos que se encuentran en Puerto Rico, para que comparezcan a otra jurisdicción de los Estados Unidos y que provean su testimonio oral. Arguyen que el mecanismo de la carta rogatoria es únicamente válido cuando se pretende citar a una persona que se encuentra en un país extranjero. Indicaron, además,

que el foro primario erró al conceder el remedio solicitado en virtud del *Judiciary and Judicial Procedure Act, supra,* sin exigir que se cumplieran las formalidades dispuestas por dicho estatuto. *Les asiste razón.*

Conforme esbozamos en nuestra previa exposición doctrinal, el foro primario tenía la potestad de reconocer y validar la rogativa de la Corte del Noveno Circuito Judicial de Florida, en la que se le solicitó al tribunal de instancia que citara a los peticionarios y a otros testigos, para la toma de una deposición sobre un caso de relaciones domésticas instado en dicho estado. No obstante, la mencionada rogativa debía estar *firmada por el secretario y estampada con el sello de la corte.* A su vez, la rogatoria debía estar acompañada de *una certificación de un juez con autoridad, en la que se afirmara que el documento era auténtico.* Surge del expediente que las rogatorias adjuntadas a la petición de la recurrida eran *copias simples,* y no cumplían con las formalidades requeridas por *Judiciary and Judicial Procedure Act, supra.*

De otra parte, precisa señalar que la rogatoria indicaba que la deposición sería tomada en Kissimmee, Florida. La Regla 40.4(a) de Procedimiento Civil, 32 LPRA Ap. V, R. 40.4 (a), dispone:

> La parte que solicite la expedición de una citación o el abogado o abogada que expida una citación **deberá tomar las medidas que considere razonables para evitar imponerle una carga o unos gastos onerosos a la persona sujeta a la citación**. [...]. (Énfasis nuestro).

Sobre este particular, nuestro más Alto Foro ha expresado que entre los criterios que debe ponderar el juez, antes de decidir el lugar donde se debe tomar la deposición a una parte, está el lugar de residencia y empleo del deponente. *Irizarry Seda v. Almacenes Rodríguez, Inc.*, 124 DPR 794, 799 (1989). *"No debe perderse de perspectiva que[,] en cuanto a toma de deposiciones se refiere[,] lo primordial debe ser facilitarle al deponente la accesibilidad al lugar de la deposición".Íd.*

En mérito de lo anterior, y en virtud de la facultad que nos confiere la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* expedimos el auto solicitado y dejamos sin efecto lo resuelto por el foro primario.

**IV**

Por los fundamentos que anteceden, se expide el auto de *Certiorari* y se revoca la "*Resolución*" recurrida.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones